THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  24-cv-00455-CNS-MEH

KATARZYNA BROZYNSKI,

      Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

      Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to the Court's April 1, 2024, Order [ECF 10], the Scheduling Conference in this matter will be held in person on May 8, 2024 at 10:30 a.m., in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.  In this action, Plaintiff is represented by Alexander N. Beard, Esq. with Saunders, Walsh & Beard, and Defendant is represented by Holly C. White and Robin L. Bowers of Lewis, Roca, Rothgerber, Christie LLP.

### 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1332(a).  Plaintiff is a citizen of Texas, and the Defendant is incorporated under the laws of Massachusetts and maintains its principal place of business in Boston, Massachusetts.  The amount in controversy exceeds $75,000.  Additionally, venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events

or omissions giving rise to the claim occurred in the District of Colorado, and the property at issue is located in Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   **Plaintiff:** Plaintiff brings this action seeking economic damages related to Defendant's breach of an insurance contract and statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116 arising from Defendant's unreasonable delay and denial of timely payment of insurance benefits.

### A.  The initial claim.

Plaintiff is a named insured under Safeco Policy No. OY7896569 ("Policy") providing coverage for two structures (home and detached garage) on Plaintiff's property located at 2475 Green Meadows Lane, Placerville, Colorado 81430 ("Property").

On or about March 14, 2022, while the Policy was in force, ice accumulation or "ice damming" caused damage to the two structures on the Property.  Plaintiff reported the claim to Safeco and filed a claim under the Policy for the extensive damage to the Property, including damage to the roofing systems and interior leaks caused by the ice damming.  Hereinafter, this will be referred to as the "initial claim."

Safeco acknowledged receipt of the initial claim and assigned claims adjuster Eric St. John ("St. John") to investigate the loss.  Safeco assigned claim number 051809986-01 to the initial claim.

On or about December 20, 2022, Safeco sent a local adjuster to the Property in order to conduct an inspection.  However, the roof was covered in snow and the local adjuster refused to remove it so that the extent of damage could be determined.

Safeco was provided with an itemized estimate and any supporting documentation for the loss from Tri Area Roofing LLC, a roofing contractor which Plaintiff had retained. Tri Area Roofing estimated the total cost of repairs to be $152,093.50.

Safeco waited until May 17, 2023 to conduct another inspection. However, at that inspection the local adjuster never even went on the roof.

On or about June 1, 2023, Safeco sent a "Property Settlement Letter" to Plaintiff. In the letter, Safeco advised that its evaluation was complete and that it had calculated the amount of coverage available under the Policy. The damage to the "dwelling" was calculated as $3,963.97 and to "other structures" as $11,882.12.

On or about June 2, 2023, St. John emailed Plaintiff and advised that it had reviewed the report and estimate from Tri Area Roofing. Because of the large disparity in scope and pricing, Safeco advised that it was going to hire an engineer to complete an inspection of the roof to determine the extent and cause of the roof damage. On or about June 5, 2023, and again on June 9, 2023, Plaintiff wrote to St. John and advised that Safeco had already inspected the Property twice, and that another inspection was unnecessary.

On or about June 14, 2023, Safeco acknowledged receipt of the initial claim, while at the same time purporting to reserve all of its rights. The sole ground on which Safeco purportedly reserved rights was to request that an engineer inspect the property to determine the cause of damage to the roofs and to provide a recommendation for repair and replacement.

On or about June 20, 2023, Plaintiff sent an email to St. John, advising that she had been contacted the day before by an engineer regarding another inspection. The engineer wasn't aware that Plaintiff's home was three stories and that a ladder was needed to access the roof (which she

did not have).  The engineer advised Plaintiff that she would "get back to her or not" after speaking with Safeco because she would not be able to accomplish the inspection without the ladder. Plaintiff ended the email by stating, "I look forward to speaking with [the engineer] once she finds one or anyone else for that matter."

### B.  The subsequent claim.

On or about July 31, 2023, the Property sustained additional flood and water damage due to the unrepaired, damaged roof.  Hereinafter, this will be referred to as the "subsequent claim."

Plaintiff immediately notified Safeco of the subsequent claim, and requested that Safeco provide emergency repair services so as to mitigate the additional damage caused by continued flooding.  Although it acknowledged recipe of the subsequent claim and assigned it a new claim number (054298313-01) and adjuster (Chardelle Butler), Safeco failed to provide the emergency services which Plaintiff had requested, forcing Plaintiff to secure them at her own cost.

### C.  Safeco's failure to fully pay Plaintiff's claims.

On August 10, 2023, Safeco wrote to Plaintiff with its final calculation of amount of coverage purportedly available under the Policy.  The damage to the dwelling was calculated as $15,231.37 and to "other structures" as $650.85.

The roofs and other property need to be replaced in their entirety.  Plaintiff has been unable to complete the work because Safeco wrongfully and unreasonably refused to issue timely payment sufficient to fully repair the damage to the Property, failed to address significant areas of damage, and failed to provide payment for all coverage implicated in the loss.  Safeco wrongfully and unreasonably failed to pay the entire claim for repairs to the Property even though the Policy provided coverage for losses such as those suffered by Plaintiff.

Safeco failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  This includes Safeco refusing to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery under the Policy had been carried out and accomplished by Plaintiff.

Safeco conducted an improper, outcome-oriented investigation resulting in a biased, unfair, and inequitable evaluation of Plaintiff's covered loss.  Further, Safeco's investigation was substandard at best and pre-determined the outcome before all facts were known.  Further, it took months for Safeco to render a decision at all, causing an unreasonable delay.

To date, Plaintiff's insurance claim remains unpaid.

b.     **Defendant:**     Safeco Insurance Company of America ("Safeco") issued a homeowners insurance policy to Katarzyna Brozynski and Krzysztof Brozynski, policy number OY7896569, effective November 10, 2021 through November 10, 2022, and which renewed November 10, 2022 through November 10, 2023.  The Policy provided coverage for Plaintiff's insuring property located at 2475 Green Meadows Lane, Placerville, Colorado 81430 (the "Property"), subject to the Policy's terms, conditions, limitations, and exclusions.  This case concerns two separate insurance claims reported to Safeco under the Policy.

The first claim was reported to Safeco on December 9, 2022, for alleged water damage due to a roof leak at their Property that occurred on March 14, 2022.  At the time the claim was reported in December 2022, the roof was covered in snow.  After the snow had cleared from the roof, on

May 17, 2023, Safeco inspected the Property and prepared an initial estimate for repairs for the dwelling of $15,846.09 replacement cost ("RC"), and for the garage of $11,882.12 RC.

On June 1, 2023, Plaintiff asked Safeco to pay for full roof replacement in the amount of $126,744.58. Safeco asked to have an engineer reinspect so it could obtain an engineering evaluation on the cause and extent of damages and repair recommendations. Plaintiff initially refused the inspection, and Safeco sent Plaintiff a reservation of rights letter. Thereafter, Plaintiff agreed to an inspection in September, 2023, but ultimately cancelled the inspection telling Safeco's engineer that Plaintiff planned to sue Safeco.

The second claim was reported by Plaintiff to Safeco on July 26, 2023, claiming there was a hole in the roof due to wind which led to a roof leak. On August 3, 2023, Safeco inspected the Property in connection with the second claim, and on August 9, 2023, Safeco provided Plaintiff its estimate for damages to the dwelling of $15,231.37 RC, and for the garage for $650.85 RC.

On February 16, 2024, Plaintiff filed the instant action alleging breach of contract, unreasonable delay or denial in violation of C.R.S. § 10-3-1115 and § 10-3-1116, and breach of the duty of good faith and fair dealing. Safeco denies that it breached the contract, denies that it acted in bad faith, and denies that it violated Colo. R. Stat. § 10-3-1115 and § 10-3-1116. Safeco filed its Answer on March 22, 2024 and has asserted affirmative defenses including: Plaintiff's claims may barred by the terms and conditions of the Policy and are subject to all applicable terms, conditions, limitations and exclusions set forth in the Policy including, but not limited to, An Insured's Duties After Loss; Plaintiff's claims may be barred, in whole or in part, due to the comparative fault of Plaintiff or Plaintiff's representatives; and Plaintiff's claims may be barred,

in whole or in part, due to the acts or omissions of third parties over whom Defendant maintains no control or right of control.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff is an owner of certain real property located at 2475 Green Meadows Lane, Placerville, Colorado 81430 (the "Property").

2.      Safeco issued a homeowners insurance policy to Katarzyna Brozynski and Krzysztof Brozynski, policy number OY7896569, effective November 10, 2021 through November 10, 2022 which was renewed on November 10, 2022 through November 10, 2023, insuring the Property (the "Policy").

3.      The Policy was in effect on March 14, 2022.

4.      On December 9, 2022, Plaintiff reported a claim to Safeco under the Policy, claim number 051809986-01 for a date of loss of March 14, 2022.

5.      The Policy was in effect on July 26, 2023.

6.      On or about July 26, 2023, Plaintiff presented a second claim to Safeco, claim number 054298313-01.

## 5. COMPUTATION OF DAMAGES

<u>Plaintiff's Calculation</u>: Plaintiff seeks compensatory damages in the amount of at least $152,093, statutory damages and penalties pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, all costs, including expert witness fees, expenses, and attorney's fees incurred by Plaintiff, and pre-judgment and post-judgment interest.

Defendant's Calculation:   Safeco seeks an award of its costs, expenses, interest, expert witness fees, and such other further relief as this Court deems just and proper.  In addition, Safeco reserves the right to seek its attorneys' fees and costs pursuant to C.R.S. § 10-3-1116(a).

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting: **April 17, 2024.**

b.      Names of each participant and party he/she represented:  Plaintiff was represented by Alexander N. Beard, Esq.  Defendant was represented by Robin L. Bowers, Esq.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made: The parties will serve their 26(a)(1) initial disclosures on or before **May 1, 2024.**

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

e.      Statement concerning any agreements to conduct informal discovery: There are no agreements to conduct informal discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:  The Parties agree to exchange discovery and exhibits electronically. and to make efforts to use a unified exhibit numbering system.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: The Parties do not anticipate that their claims or defenses will involve extensive electronically stored information,

or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic format.

        h.      <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case</u>: The Parties have discussed the possibility of settlement and will continue those discussions as discovery progresses.

## 7. CONSENT

        All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

        a.      <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules</u>: Each side may serve up to twenty-five (25) interrogatories, including discrete subparts.

**<u>Disputed Issue:</u>**

Plaintiff proposes that each side may take up to eight (8) fact witness depositions, exclusive of experts.

Defendant proposes that each side may take up to five (5) fact witness depositions.

**<u>The Court</u>**: Each side may take up to eight (8) fact witness depositions.

        b.      <u>Limitations which any party proposes on the length of depositions</u>: Defendant proposes that each party may take 2 depositions which may last for one (1) day up to seven (7) hours, with the remaining depositions lasting up to four (4) hours unless modified by stipulation of the Parties or by court order.  The parties anticipate they will use reasonable efforts to keep the

depositions to the amount of time reasonably necessary to accomplish legitimate purposes of discovery.

**Disputed issue:**

Plaintiff proposes that they may take up to 7 hours of deposition for each representative designated to testify on the corporation's behalf under Rule 30(b)(6).

Defendant proposes that a corporate party who is deposed under Rule 30(b)(6) may be deposed only for up to seven hours, regardless of the number of representatives designated to testify on the corporation's behalf.

**The Court**: The Parties shall monitor this issue and call Chambers if needed.

c.     Limitations which any party proposes on the number of requests for production and/or requests for admission:  Each side may serve up to twenty (20) requests for admission, excluding requests for admission solely for the authentication of documents.

**Disputed issue**:

Plaintiff proposes that each side may serve up to forty (40) requests for production.

Defendant proposes that each side may serve up to twenty (20) requests for production.

**The Court**: Each side may serve up to twenty-five (25) requests for production

d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:  To be served no later than forty-five (45) days prior to the discovery cutoff.

e.     Other Planning or Discovery Orders:  The parties agree to confer in person or by telephone regarding all discovery disputes and to make a reasonable good faith effort to resolve or narrow the dispute without the need for judicial intervention.  If the parties are unable to reach a resolution, they shall follow Magistrate Judge Hegarty's discovery dispute procedures set forth in

the Court's Uniform Civil Practice Standards for Magistrate Judges.  The Parties stipulate that the production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver the privilege or protection from discovery in this case or in any other federal or state proceeding.  This stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**The Court**: Before filing a motion for an order relating to a discovery dispute, the movant must request a discovery conference with the Court by submitting an email, copied to all Parties, to  hegarty_chambers@cod.uscourts.gov.  *See*  Fed.  R.  Civ.  P.  16,  cmt.  2015  Amend; D.C.COLO.MJ VI. The Court will determine at the conference whether to grant the movant leave to file the motion. D.C.COLO.MJ VI.

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:  **June 14, 2024.**

b.  Discovery Cut-off:  **December 20, 2024.**

c.  Dispositive Motion Deadline:  **January 21, 2025.**

d.  Expert Witness Disclosure:

1.  The parties shall identify anticipated fields of expert testimony, if any.

(a)  Plaintiff:  Plaintiff will retain experts in the field of engineering, construction and calculation of damages related to damages sustained by Property.  In addition, Plaintiff will designate Alexander Beard, Esq. regarding reasonable and necessary attorney's fees and costs incurred by Plaintiff. Plaintiff reserves rights to rebut Defendant's experts, including but

not limited to any experts designated by Defendant in the field of handling insurance claims.

(b)    <u>Defendant</u>: Defendant anticipates retaining experts in any field necessary to rebut Plaintiff's experts, including in the field of engineering, construction cost estimating, claims handling, and attorney's fees and costs.

2.    <u>Limitations which the parties propose on the use or number of expert witnesses</u>: No more than three (3) expert witnesses per side and only one (1) expert per side per subject matter area of expertise without leave of Court. Such limitation does not include experts designated to opine about reasonable and necessary attorney's fees and costs.

3.    <u>Expert Witness Disclosure:</u>

i.    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 7, 2024.**

ii.    **Disputed Issue:**  Plaintiff proposes that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 7, 2024.**  Defendant proposes that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 20, 2024.**

**The Court:** The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 20, 2024**.

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court.  In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe opinions set forth in the written report.

    e.    <u>Identification of Persons to Be Deposed</u>:

<u>Plaintiffs</u>:

| Deponent | Anticipated Length of Deposition |
|---|---|
| Eric St. John | Maximum allowed |
| Daniel Selph (boss of St. John) | 3-5h |
| Brent Brush | 2h |
| 30(b)(6) representative of Safeco | 7h for each designated representative |
| 2 adjusters who came for inspection of the Property (Chuck Clifford and Matt Old)<br><br>Other individuals identified through discovery | 2-3h each |

<u>Defendant</u>:

| Deponent | Anticipated Length of Deposition |
|---|---|
| Plaintiff Katarzyna Brozynski | 4-6 hours |

| | |
|---|---|
| Insured Krzysztof Brozynski | 3-4 hours |
| Representative of Tri Area Roofing (Plaintiff's initial contractor) | 3-4 hours |
| Sherwood Jolley (Plaintiff's second contractor) | 3-4 hours |
| Other individuals identified through discovery | 4-6 hours |

f.      Deadline for Interrogatories: All written interrogatories shall be served on or before 45 days prior to the discovery cut-off.

g.      Deadline for Requests for Production of Documents and/or Admissions: All written interrogatories shall be served on or before 45 days prior to the discovery cut-off.

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times: _____.

b.      Within **twenty-four hours** after the Scheduling Conference, Parties shall jointly contact District Judge Sweeney's Chambers by email (Sweeney_Chambers@cod.uscourts.gov) to get a Final Pretrial Conference date. A Final Pretrial Order shall be prepared by the Parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

b. <u>Anticipated length of trial and whether trial is to the court or jury:</u> The parties believe a 5-day jury trial will be necessary.

c. <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439:</u> None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may only be amended upon a showing of good cause.

DATED at Denver, Colorado, this 8th day of May, 2024.

BY THE COURT:

 S/Michael E. Hegarty
Honorable Michael E. Hegarty
Chief United States Magistrate Judge


APPROVED:


Saunders, Walsh & Beard                    Lewis Roca Rothgerber Christie LLP


*s/ Alexander N. Beard*                        *s/ Robin L. Bowers*
Alexander N. Beard, Esq.                    Brian J. Spano, Esq.
6850 TPC Drive, Suite 210                  Holly C. White, Esq.
McKinney, Texas 75070                      Robin L. Bowers, Esq.
Phone: (214) 919-3555                       1601 19th Street, Suite 1000
E-mail: Alex@saunderswalsh.com             Denver, CO 80202-5835
                                           Phone: 303.623.9000
*Attorney for Plaintiff*                       E-mail: BSpano@lewisroca.com
                                                   HWhite@lewisroca.com
                                                   RBowers@lewisroca.com

                                           *Attorneys for Defendant*
                                           *Safeco Insurance Company of America*